# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSE DUPREE, JR. et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00512-AWI-SAB(PC)<br><br>ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE ACTION WITHOUT PREJUDICE |

On March 23, 2015, Plaintiff Richard Jose Dupree, Jr., a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 in the Sacramento Division of the Eastern District of California. Plaintiff also filed an application to proceed in forma pauperis by a prisoner. On April 2, 2015, the action was transferred to the Fresno Division and assigned to the undersigned.

Initially, the Court notes the Plaintiff states that this is a class action on behalf of himself and Luciano Galindo Lopez. A plaintiff, who is not an attorney, may not represent anyone but himself in court. Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). It is well established that a layperson cannot represent the interests of a class. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). Plaintiff cannot bring this action pro se on behalf of other inmates.

1 Further, Plaintiff is not entitled to proceed in forma pauperis in this action.[1] Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In order to determine whether Plaintiff is entitled to proceed in forma pauperis, the Court may take judicial notice of court records in other cases. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

Here, Plaintiff has on more than three occasions, while incarcerated, brought an action that was dismissed for failure to state a claim upon which relief could be granted. The Court takes judicial notice of case numbers Dupree v. Scott, et al., No. 1:11-cv-00565-OWW-DLB (E.D. Cal.) (dismissed on July 12, 2011 as frivolous and for failure to state a claim; no appeal filed); Dupree v. Stephens, et al., No. 1:11-cv-01193-GSA (E.D. Cal) (dismissed on July 22, 2011 for failure to state a claim; no appeal filed); Dupree v. Santiago, et al., No. 2:11-cv-00309-EFC (E.D. Cal.) (dismissed on Feb. 22, 2011, for failure to state a claim; affirmed on appeal, mandate issued Jul. 28, 2011); Dupree v. U.S. Court's of the Eastern Dist. Of Cal., No. 2:11-cv-00263-DAD (E.D. Cal.) (dismissed on Mar. 24, 2011, as frivolous; no appeal filed); Dupree v. Mills, No. 2:11-cv-01619-JAM-DAD (E.D. Cal.) (dismissed on March 29, 2012 for failure to state a claim; no appeal filed); and Dupree v. U.S. Copyright Off., No. 2:11-cv-01700-WBS-KJN (E.D. Cal.) (dismissed on Jul. 28, 2011, as frivolous and for failure to state a claim; appeal dismissed on Dec. 22, 2011, for failure to pay filing fee) to name a few. These strikes were final prior to the date Plaintiff filed this action. Silva v. Di Vittorio, 658 F.3d 1090, 1098-1100 (9th Cir. 2011). Accordingly, Plaintiff is subject to section 1915(g) and is precluded from proceeding

---

[1] The Court notes that Plaintiff's allegations are challenging his conviction and he is seeking immediate release from prison as well as monetary damages. **Error! Main Document Only.**When a prisoner is challenging the legality or duration of her custody and the relief she seeks is immediate or speedier release, her sole federal remedy is habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973). Since Plaintiff clearly brought this as a civil rights action, the Court does not screen the complaint to determine whether the issues addressed could also constitute violations of his civil rights as he is precluded from proceeding in this action pursuant to 28 U.S.C. § 1915(g).

in forma pauperis unless he was, at the time the complaint was filed, under imminent danger of serious physical injury.

The Court has reviewed Plaintiff's complaint and finds that Plaintiff does not meet the imminent danger exception. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). Plaintiff's complaint alleges violations based upon his prosecution, trial, and conviction. Plaintiff also alleges that he is being falsely imprisoned and harmed by satellites that are being utilized to steal his intellectual property. Because Plaintiff alleges no facts supporting a finding that he is under imminent danger of serious physical injury, Plaintiff is ineligible to proceed in forma pauperis in this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis in this action are DENIED;

2. This action is dismissed, without prejudice, to refiling with the submission of the $400.00 filing fee in full; and

3. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:   April 9, 2015

SENIOR DISTRICT JUDGE